UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )<br>)  3:09-md-02100-DRH-PMF<br>)<br>)  MDL No. 2100<br>) |

This Document Relates to: *Kerry Sims v. Bayer Corp., et al.,* No. 3:09-cv-10012-DRH-PMF

## MEMORANDUM AND ORDER

Plaintiff submitted a supplemental report from Dr. Botney on December 21, 2011 (a report dated December 16, 2011).  The report purports to rebut the deposition testimony of defendant expert Dr. Waxman.

The defendant argues, in essence, that the supplemental report is out of time, opines on matters that are not rebuttal and were known prior to the Waxman deposition, opines on x-ray and CT reports that were not discussed in Botney's expert report or deposition – constituting unfair surprise, and will result in a new series of experts and depositions; all on the eve of trial virtually.

The plaintiff counters, essentially, that the opinions expressed in the supplemental report are completely in keeping with expert's prior opinions, yet is necessary to avoid the jury being confused that Dr. Botney actually agrees with Dr. Waxman regarding the issue of a second PE as diagnosed on the July 24, 2008 CT.  Further, plaintiff argues that it is not technically out of time because although the supplementation discussed on November 29th was primarily designed for any changes that might result from the Advisory Committee, it was not actually limited to that expressly.

The Court finds that the supplementation approved on November 29, 2011 was for Advisory Committee issues only and this effort is untimely.  If either party wishes to make an effort at supplementation of expert witnesses, expert witness reports, or any exchange of information beyond a deadline, without the express

written agreement of the other party, leave of court must first be obtained. In this instance, the Court would not have granted that leave. The fears expressed by the plaintiff are unfounded with respect to any confusion that one might feel there is agreement between these two experts. Having said that, much of the supplemental report is spent discussing x-ray reports and CT scans that could have been discussed in Dr. Botney's original report. He only discussed one of those. A supplemental report late in the litigation, insofar as this individual plaintiff is concerned, is hardly the time to do that.

The Defendant's objection to the supplemental report is sustained.

**IT IS SO ORDERED.**

This 23rd day of December, 2011.

David R. Herndon
2011.12.23
13:22:28 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**