UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) 3:09-md-02100-DRH-PMF )  ) MDL No. 2100 ) |

This Document Relates to: *Kerry Sims v. Bayer Corp., et al.,* No. 3:09-cv-10012-DRH-PMF

# ORDER

Partial Reconsideration of
Order on Talarico Deposition Designations (Doc. 265)

## I. INTRODUCTION

**Herndon, Chief Judge:**

This matter is before the Court on defendant's request for partial reconsideration of the Court's December 27, 2011 Order on the Rosina Talarico deposition designations and objections (Doc. 265).[1] Specifically, defendant requests that the Court reconsider its decision to sustain certain form objections (leading and non-responsive objections).[2] Defendant contends that, pursuant to

---

[1] Bayer requested reconsideration via electronic mail to the Court on December 28, 2011. Plaintiffs' responded to Bayer's request on that same day. Bayer replied on December 28, 2011.

[2] Bayer seeks reconsideration of the Court's decision to sustain plaintiff's "leading" objections to 21 questions:

1

FEDERAL RULE OF CIVIL PROCEDURE 32(d)(3)(B), the disputed form objections were waived when plaintiff did not object to these questions or answers during Ms. Talarico's deposition. Plaintiff contends that defendant's request is untimely. In addition, with respect to defendant's contention that plaintiff waived objections to non-responsive answers at the time of the deposition, plaintiff argues that Case Management Order Number 28 preserved such objections (*See* CMO 28 Doc. 1580 L(1)(b)) ("All objections are reserved until trial or other use of the

---

745:2-8
746:4-6
748:14-18
748:19-23
761:20-22
761:23-762:2
762:17-20
766:16-19
771:5-7
771:8-10
773:12-15
773:20-22
773:23-24
774:1-5
775:9-12
775:21-23
775:24- 776:2
776:20-24
778:14-18
779:16-19
779:20-23

Bayer also seeks reconsideration of the Court's decision to sustain the following "non-responsive" objections:

47:24-48:20
49:7-16
217:3-22
274:10-21

deposition, except those objections regarding the form of the question or the existence of a privilege."). With respect to defendant's contention that Plaintiff waived objections to leading questions at the time of the deposition, plaintiff acknowledges that counsel did not object to each and every leading question. However, plaintiff contends that counsel objected to an adequate extent so as to clearly put Bayer's counsel on notice as to the general objection and impropriety of leading questions being asked of a Bayer employee by a Bayer lawyer.

## II. Analysis

Ironically, both parties agree that *Oberlin v. Marlin American Corporation*, 596 F.2d 1322 (7th Cir. 1979), dictates the result in this dispute, but characteristically they differ on the interpretation of that precedent in this circuit. In *Oberlin* the principle holding is that the failure to object to the form of a question at the time of a deposition waives the particular ground for objection at the time of trial. The concept is plain enough and certainly seems to favor the defendant. The defendant didn't initially address what the plaintiff wishes to seize upon, however, which is the portion of the *Oberlin* opinion where the Circuit Court ignored its own principle holding to find that under Federal Rule of Evidence 611 the trial judge has discretion to control the mode of interrogating witnesses and presenting evidence. Within that discretion, the Court went on to find that certain questions and answers were excludable despite a failure to object at the time of deposition. *Oberlin*, 596 F.2d at 1329. The *Oberlin* court explained the testimony at issue would certainly not have been admitted if the

3

witness were present to testify live, the answers were conclusory, of little probative value, but may well have carried undue weight with the jury since they amounted to the witness adopting the attorney's testimony on ultimate issues in the case.

A later Seventh Circuit case, cited by defendant in its Reply, examined the dynamic of the *Oberlin* case. In *Roy v. The Austin Company*, 194 F.3d 840 (1999), the appellate panel examined a ruling by the trial court that allowed all deposition testimony, even though leading, in the face of a failure to object at the time of the deposition. In discussing the *Oberlin* exception, the Court stated, at page 844:

> Nevertheless, Roy pins his hopes on a section of *Oberlin* where we blessed the trial court's decision to bar portions of a deposition despite the opposing counsel's failure to object to an inappropriate question. *Oberlin,* 596 F.2d at 1329. His faith is misplaced. The exception to *Oberlin's* principal holding was rooted in the trial court's exercise of its discretionary control over the mode of interrogating witnesses and presenting evidence to ensure that a trial serves its fundamental truth-seeking purpose. *Id.* Because Roy's failure to object comes squarely under the primary meaning of *Oberlin*-if Roy had objected, the information could easily have been drawn out via nonleading questioning-and because it is a wild stretch to argue that the admission of White's testimony skewed the truth-seeking process, Roy again fails to show that the trial judge abused her discretion. And finally, the challenged testimony was no more than mildly leading. It was not the typical putting of words into the mouth of a witness that is the danger sought to be avoided by limiting leading questions.

Clearly, the analysis is not as straight forward as that suggested by the defendant. Given the fact the Court had to analyze in excess of 200 objections for

4

this one deposition, as well as the prospect of many depositions yet to come with less than two weeks before trial, the Court did not go through this thorough analysis line by line.  Moreover, in its original ruling, the Court did address its discretion in the control over the mode of interrogating witnesses and the presentation of evidence.  However, every party has a right to be heard on position and the Court will analyze those that the defendant contests.

The Court will apply the following criteria in determining whether to allow reconsideration.  Regardless of whether an objection was made, pursuant to *Oberlin, Roy,* and Federal Rule of Evidence 611, if the question amounts to the attorney testifying on an ultimate issue or puts words in the witness' mouth in a manner that constitutes probative value the Court will deny the motion for reconsideration.  If neither circumstance exists, the motion will be granted.  Applying this criteria, the Court rules as follows:

    Page 745: 2-8;  motion granted.
    Page 746: 4-6;  motion granted.
    Page 748: 14-18;  motion denied.
    Page 749: 19-23;  motion denied.
    Page 761: 20-22;  motion denied.
    Page 761: 23 – page 762: 2;  motion granted.
    Page 762: 13-16: (court's own motion); reconsidered
    Page 762: 17-20; motion granted
    Page 766: 16-19; motion granted
    Page 771: 5-7;  motion denied
    Page 771: 8-10;  motion denied
    Page 773: 12-15; motion denied
    Page 773: 20-22;  motion granted
    Page 773: 23-24;  motion granted
    Page 774: 1-5; motion granted.

     Page 775: 9-12;  motion granted
     Page 775: 21-23; motion denied.
     Page 775: 24 – page 776: 2; motion denied.
     Page 776: 20-24;  motion granted.
     Page 778: 14-18;  motion denied.
     Page 779: 16-19;  motion granted.
     Page 779: 20-23;  motion granted.

The motion as it relates to the Court's order for non-responsive answers is a little more challenging. Defendant cites *Kirschner v. Broadhead*, 671 F.2d 1034 (7th Cir. 1982), which relies on *Oberlin* and a Sixth Circuit case, both having to do with the form of questions asked not responsiveness of answers given. In *Kirschner* the Seventh Circuit reasoned that FEDERAL RULE OF CIVIL PROCEDURE 32 called for an objection to be made at the time of the deposition, but also noted that excluding the testimony kept the jury from hearing the defendant's version of the case since he was unavailable to testify at the trial. *Kirschner,* 671 F.2d at 1038. In so ruling, the Court was seeking to avoid a tactic that would exclude testimony altogether by a lawyer not objecting during a deposition, in the hopes that the witness would not be available and then objecting to the offending testimony at trial to have the only available testimony on an issue eliminated.

Although *Kirschner* doesn't reference evidence rule 611, it does cite *Oberlin* for authority and refers to the effort by the Sixth Circuit case to avoid injustice. In the instant case, the Court addressed the concerted effort by this out-of-control witness to continually stick to her message regardless of what the question was before her. The answers the defendant wants the Court to reconsider are representative examples of that very effort. Under the *Kirschner* analysis, clearly

there was no objection as to non-responsiveness by the plaintiff. Under the *Kirschner* and *Oberlin* rationale, is the Court required to allow the witness to run roughshod over the rules of courtroom decorum simply because an objection as to form was not made?

The disputed non-responsive answers are as follows:

- Page 47; 24 – page 48: 20. The witness answers non-responsively mentioning the difference between PMS and PMDD, in fact, interrupting the interrogator who doesn't have a chance to finish his question. The witness then goes on, non-responsively, to discuss communication materials prepared to provide specific information about PMS and PMDD and that all materials created did specify the indication for YAZ was for PMDD.

- Page 49: 7-16. The witness answers, non-responsively that the materials they prepared for approval and launch announcement for YAZ regarding PMDD specified and were precise about the indication of YAZ being for PMDD.

- Page 217: 3-22. The witness answers, non-responsively, the when providing materials regarding PMDD indication that they are clear in press releases, she thinks a majority of press do and did get that right based on the press releases. The materials they provided talks about PMDD. There

7

- are articles that reference PMS written by journalists but they don't have any control over those or what they end up writing.

- Page 274; 10-21. The witness answers, non-responsively, that she is ultimately not responsible for the development of magazine articles, although it would be ideal for them to be as precise as possible, but they do not have control over how they develop or what they contain.

All of subject matter of this testimony is provided in the defendant's designation of testimony in pages 738 through 782. The subject of the development of press materials and press releases, the message the witness continually wanted to broach, is fully covered in page 738, line 20 through page 742, line 23. The announcement of the indication of PMDD and YAZ, a related subject, is covered in page 742, line 24 through page 746, line 6. The difference between PMS and PMDD is covered in page 746, line 7 through page 750, line 21, and page 762, line 21 through page 767, line 19 and finally on page 768, lines 6-19. The lack of control over what is written or said in the media is covered in page 750, line 22 through page 762, line 20. The subject of articles and air media, broadly, is covered in page 768, line 20 through page 782, line 12. The above references were not reconciled with lines excluded due to the Court's previous ruling and those lines should be removed from consideration.

Clearly, when analyzing the non-responsive answers of this witness, one cannot find, as was the case in *Kirschner*, that the defendant would be deprived of

8

telling any part of its version of anything, should the Court refuse to grant its motion.

In the exercise of its discretion, under Federal Rule of Evidence 611, the Court denies the defendant's motion to reconsider its ruling relative to the Talarico's non-responsive answers.

## III.  Conclusion

For the reasons discussed above, the Court **DENIES** the defendant's motion to reconsider its ruling relative to Ms. Talarico's non-responsive answers.  The defendant's motion to reconsider the Court's ruling relative to leading questions is **GRANTED IN PART** (as provide in section II, above).

**SO ORDERED**

David R. Herndon
2011.12.29
14:20:00 -06'00'

**Chief Judge**                                                              Date:  December 29, 2011
**United States District Court**