UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

This Document Relates to: *Kerry Sims v. Bayer Corp., et al.,* No. 3:09-cv-10012-DRH-PMF

# ORDER
## Regarding Authentication Objections

This matter is before the Court for case management. Plaintiff asserts objections to defendant's proposed exhibits from the office records of Dr. Blinder and DX2025 records of plaintiff. The nature of the objections is that the records lack authenticity because they are not complete. Plaintiff knows they are not complete because she is in possession of the same records and can take notice that defendant's proposed exhibits are missing material included in the records she possesses. The defendants have in their possession, as well however, certification forms which verify the records as authentic.

Authentication is covered by FEDERAL RULE OF EVIDENCE 901. Therein, paragraph (a) provides that:

> To satisfy the requirement of authenticity or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Authenticity is a question of fact for the jury. Rule 901 requires a prima facie showing that the matter in question is what its proponent claims it to be. Whether it is authentic is then a question of fact for the jury. See, *US v. Dombrowski*, 877 F.2d 520 (7th Cir. 1989). The plaintiff is free to present evidence in rebuttal which challenges the authenticity of the records or to supplement the record if she feels the record is incomplete. She can call the person who attested to its completeness and challenge the attestation, or call another person who has knowledge of the matter at hand for that purpose.

Plaintiff further argues that the circumstances surrounding the Blinder records constitute a *Petrillo* violation under Illinois law and that this violation justifies withholding the records. The plaintiff does not supply authority for such a sanction under *Petrillo* or under Rule 901 and the Court is unable to find any. Whether the Court agrees that a *Petrillo* violation has occurred, it is not an issue of authentication.

The Court finds that the defendant has presented a prima facie showing of authentication with respect to the specific Blinder and DX2025 records.  This is not a ruling on admissibility generally, but simply responds to the parties request for a ruling on the dispute concerning authentication.

**SO ORDERED**

David R. Herndon
2011.12.29
16:40:57 -06'00'

**Chief Judge**  
**United States District Court**                                    Date:  December 29, 2011