SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) <br> ) 3:09-md-02100-DRH-PMF <br> ) <br> ) MDL No. 2100 <br> ) |

This Document Relates to: *Kerry Sims v. Bayer Corp., et al.,* No. 3:09-cv-10012-DRH-PMF

# ORDER

### Plaintiff's Motion for a Protective Order Regarding Dr. Vikram Rao

**Herndon, Chief Judge:**

This matter is before the Court on plaintiff's motion for a protective order pursuant to Case Management Order Number 26.[1]  Plaintiff asks the Court for a protective order precluding defendant from taking the deposition of Dr. Vikram Rao and from calling him to testify at trial.  Dr. Rao is the radiologist from St. John's Mercy Medical Center, who interpreted a chest X-Ray of Kerry Sims on July 16, 2008, two days before her first admission on July 18, 2008 when she was diagnosed with an acute left-sided pulmonary embolism.

The July 18, 2008 X-Ray report, presumably authored by Dr. Rao, was the subject of plaintiff's motion *in limine* Number 7 (*Sims* Doc. 144).  Plaintiff's motion *in limine* Number 7 related to the admissibility of a statement contained in the X-Ray

---

[1]  Plaintiff submitted her motion via email to the Court on December 30, 2011.

report. The Court granted plaintiff's motion *in limine*, concluding that the disputed statement lacked sufficient trustworthiness and that it would be speculation to conclude that the plaintiff was the source of the disputed statement (*Sims* Doc. 262).

On December 20, 2011, after the hearing addressing the parties' motions *in limine*, defendant added Dr. Rao to their witness list. On December 21, 2011 defendants served a notice of deposition for Dr. Rao with the deposition to be conducted on January 3, 2012. Bayer states that the purpose of the deposition is to lay the foundation for the statement in the July 18, 2008 X-Ray report.

Plaintiff contends that the deposition notice and the addition of Dr. Rao to defendant's witness list is untimely – discovery has been closed for months and pursuant to Case Management Order Number 43 (CMO 43) defendant was required to serve witness lists in the *Sims* case by November 21, 2011 (Doc. 2049). Plaintiff argues that defendant has known about this record for months and should have laid a proper foundation while discovery remained open. Further, plaintiff argues that the scheduling of a deposition on January 3, 2012, when trial is set to begin on January 9, 2012, will be unduly prejudicial because "the parties will be fully engaged in pretrial preparations, preparing for jury selection and opening statements, and be otherwise engaged in getting ready for a trial that starts six days later." Letter to the Court from Roger Denton December 30, 2011. Defendant responds, arguing that it reasonably believed the affidavit of the custodian of records sufficiently laid a foundation for the disputed statement. Defendant contends that it did not realize there would be a foundational

issue with regard to the disputed statement until plaintiff filed her motion *in limine* and until that motion was granted by the Court.

The Court takes special note of plaintiff's arguments regarding the importance of deadlines and undue prejudice – especially in light of the untimely deposition notice recently filed by the plaintiff.[2]  The Court agrees that it would be prejudicial and inappropriate to allow *either party* to pursue a deposition shortly before or during trial, after the close of discovery, and/or in violation of this Court's case management orders. Discovery in this case has been closed for months, defendant's witness list was due on November 21, 2011, and trial is set to begin in days.  Clearly, defendant's deposition notice and its attempt to supplement its witness list are untimely.

Further, allowing the deposition to proceed and/or allowing Dr. Rao to testify at trial would directly contradict the provisions set forth in CMO 43.  CMO 43 provides that "[w]itnesses not included on a party's witness list shall not be called at trial absent agreement of the parties or a showing of good cause as to why the witness was not included on the witness list." *Id*. ¶ 3.  Obviously the parties are not in agreement and defendant's contention that it did not know the foundation of this statement would be in issue does not constitute good cause.

The fact that defendant "reserve[ed] the right to call any witness necessary to authenticate, lay foundation, and/or establish the admissibility of any exhibits" does not alter the Court's ruling.  Defendant was required to identify, by name, every fact and

---

[2] Plaintiff served a deposition on a third-party on December 22, 2011, with a return date of December 28, 2011 – related to documents the plaintiff has known about for months.  The Court is scheduled to hear the parties' arguments with regard to this untimely deposition on January 10, 2012.

expert witness whom it intended to call at trial; it is not sufficient to say that defendant "reserves the right to call" unidentified witnesses.  See FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3)(A); CMO 43 Doc. 2049.

Under the circumstances present here, the Court concludes that defendant's failure to timely and sufficiently identify Dr. Rao as a witness precludes defendant from using Dr. Rao to supply evidence at trial.  See Federal Rule of Civil Procedure 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  See also CMO 43 Doc. 2049.  Further, defendant's attempt to take Dr. Rao's deposition at this late hour is untimely and inappropriate.  Accordingly, plaintiff's motion for a protective order is granted; the deposition of Dr. Rao is quashed and defendant may not call Dr. Rao to offer testimony at trial.

**SO ORDERED**

David R. Herndon
2011.12.30
14:00:39 -06'00'

**Chief Judge**                                                                 Date:  December 30, 2011
**United States District Court**